UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62958-BLOOM/Valle

JIMMY R. SANCHEZ, JR.,

Plaintiff,

v.

CITY OF PEMBROKE PINES, FLORIDA,

Defendant.
_____/

**ORDER GRANTING MOTION
FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration, ECF No. [74] ("the Motion"). In its Motion, Plaintiff argues that genuine issues of material fact regarding the clarity of the City's rehiring procedures preclude summary judgment as to Plaintiff's failure to rehire claims under the FMLA and ADA. *See* ECF No. [74] at 2. In opposition, the City argues that the authority cited by Plaintiff is distinguishable from the undisputed facts presented by the parties on summary judgment. *See* ECF No. [88] at 4–7. The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet,*

*Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.' " *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam) (motion to alter judgment properly denied where plaintiffs waited until after case was dismissed to raise argument that Virginia law applied, rather than Florida law).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 Fed. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

On reconsideration, Plaintiff argues that the Court improperly credited Defendant's assertion that the City maintained a formal and clear process through which Plaintiff could have sought rehire over Plaintiff's assertion that he was given insufficient information regarding the rehiring process. ECF No. [74] at 5–6. In support of this argument, Plaintiff brings to the Court's attention—for the first time—several Eleventh Circuit opinions which control the sufficiency of a failure to rehire claim where the employee never applied for the position in question. *Id.* at 2. These cases outline two exceptions to the general rule that to survive summary judgment, a plaintiff must demonstrate that he or she applied for the position that is the subject of the failure to rehire claim: the "informal processes" exception and the "futile gesture" exception. *See Williams v. VWR Int'l, LLC*, 685 F. App'x 885, 888 (11th Cir. 2017). Plaintiff

argues that both exceptions apply to the facts here and that the Court should reverse its grant of summary judgment as to the rehire claims.

The Eleventh Circuit has held that a hiring process advertising available positions only by "word of mouth" falls into the "informal process" exception, while jobs posted on a third party website but not an intra-company website in violation of company policy, do not fall into that exception. *Cf. Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 (11th Cir. 1984) (noting that open positions were advertised based on "word of mouth") *and Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1560 (11th Cir. 1986) ("The record indicates that the defendant did use informal application procedures.") *with Williams v. VWR Int'l, LLC*, 685 F. App'x 885, 888 (11th Cir. 2017) (finding Plaintiff did not fall into the "informal process" and the "futile gesture" exceptions). Here, the parties disagree about what steps Plaintiff was required to take to be rehired. ECF No. [72] at 14–16. For example, Chief Picarello testified at his deposition as follows:

> Q: Okay. So just, I guess to get an understanding, if Jimmy Sanchez was to have been rehired, he would have had to do all the same exact training, same exact testing as a brand new recruit?
>
> A: Yes.
>
> Q: Okay. And would that be even though the fact that he was being rehired was due to a provision under the Collective Bargaining Agreement?
>
> A: Yes.
>
> …
>
> Q: Okay. Now, my question to you now is, did this department have any type of protocols to be able to deal with a situation that specifically fell for this clause?
>
> A: No.

ECF No. [51-2] at 6. Chief Hernandez also testified:

> Q: [W]hat did he have to do in order to be able to just be given his job back or given a similar position, was there something else that he had to do?
>
> A: At minimum, I mean, we – the last time we dealt with somebody trying to come back was, I don't know, over 20 years ago. So I would have imagined that, you know, a medical, you know, background check, some type of physical exam.

ECF No. [51-4] at 6. This testimony at a minimum presents a question of fact as to whether the City maintained a formal process by which Plaintiff—or any other firefighter—could be rehired. Taking the facts in the light most favorable to Plaintiff, including Plaintiff's testimony that the City failed to explain to him any process by which to seek rehire, a genuine issue of material fact precludes summary judgment under *Carmichael* and its progeny.

As to the second exception, Plaintiff argues in a footnote that genuine issues of material fact exist on a "futile gesture" theory. A non-applicant may establish a prima facie case for failure to rehire by showing the potential employee "refrained from applying due to a justifiable belief that the employer's discriminatory practices made application a futile gesture." *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002) (citations omitted). "To have a 'justifiable belief' for purposes of this exception to the application requirement, a person must demonstrate: (1) that she had a real and present interest in the job for which the employer was seeking applications; and (2) that she would have applied for the job but effectively was deterred from doing so by the employer's discriminatory practices." *Id.* Taking the evidence in the light most favorable to Plaintiff, the parties agree that Plaintiff expressed interest in rehire, and Plaintiff expressed at his deposition that after his conversations with the City, he believed that the City "didn't want me to come back to work 'cause of my FMLA leave and my time

used . . . ." *See* ECF No. [51-1] at 177–81. This is sufficient to create a genuine issue of material fact to preclude summary judgment.

While the Court recognizes that it is inappropriate to assert "new arguments that were previously available, but not pressed" on reconsideration, in order to prevent manifest injustice given the clear authority from the Eleventh Circuit which recognizes two exceptions for a failure to rehire claim asserted by a non-applicant, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of November, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record